EWING B. SWANEY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 2863.    Promulgated January 5, 1927.

On the evidence, *held,* that cost of liming soil for the purpose of increasing productiveness over a term of years is a capital expenditure which is subject to annual deductions for exhaustion, wear and tear during the period in which such liming is effective.

*William D. Harris, Esq.*, and *Charles L. Lewellyn, Esq.*, for the petitioner.

*J. L. Deveney, Esq.*, for the respondent.

The Commissioner has asserted deficiencies for the years 1919 and 1920 in the respective amounts of $933.99 and $1,947.81. Two issues are involved: (1) Whether the cost of applying burned lime to the soil of the farms owned by the petitioner is an ordinary and necessary business expense for the year in which such applications were made or a capital expenditure. (2) If the cost of such applications of lime is a capital expenditure, what is the correct rate of exhaustion for the computation of annual allowances for exhaustion, wear and tear?

### FINDINGS OF FACT.

The petitioner is an individual residing on and operating his own farm as a trade or business. The farm in question consists of two tracts, one of 185 acres purchased in 1903, and the other of 200 acres purchased in 1917. The tracts are not contiguous, but during the taxable years were operated by the petitioner as a single business enterprise.

During the year 1919 the petitioner prepared and burned three large lime kilns and scattered the lime so produced over a large part of his farm, all at a total cost of $9,024. During the year 1920, in like manner, he limed an additional area of his farm at a total cost of $5,800. In his income-tax returns for each of such years he deducted such costs from his gross income as ordinary and necessary expenses incurred in trade or business. The method of preparing and burning the kilns was such that, after the lime was carted away, nothing of value remained. From 5 to 8 tons of lime were scattered on each acre of the farm so treated.

There are numerous coke ovens in the immediate vicinity of the farm. The smoke and fumes from these ovens are detrimental to the productive capacity of the land. The soil is mostly clay and on account of long use and its contiguity to the coke ovens it can not be farmed profitably without regular applications of lime. Due to the smoke from the coke ovens and the nature of the soil, a single application of lime in the amount used by the petitioner is not effective for more than 4 years. The Commissioner has held that the cost of applying lime to the soil of the petitioner's farm is a capital expenditure and has allowed exhaustion of the same at the rate of 10 per cent per annum.

### OPINION.

LANSDON: We have already held in the *Appeal of J. H. Sanford*, 2 B. T. A. 181, and in the *Appeal of Goodell-Pratt Co.*, 3 B. T. A.

30, that disbursements of the nature here involved are capital expenditures. The evidence adduced convinces us that applications of burned lime in the quantities proved by the petitioner are effective for not more than 4 years. We are of the opinion that the cost of such liming should be exhausted for income-tax purposes at the rate of 25 per cent per annum.

*Order of redetermination will be made on 10 days' notice, under Rule 50.*

SMITH dissents.